UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOES 1,2,3,4,5,6,10,12,13,19,21,22 | ) |
| and 23, | ) |
| TOBY  REEVES, | ) |
| HAOJIE  WANG, | )  No. 1:12-cv-00841-SEB-MJD |
| DANIEL  WATT, | ) |
| CAMERON  GAFF, | ) |
| GIANCARLO  DI MIZIO JR, | ) |
| ANDREW  MCCOY, | ) |
| SEAN  MANGYIK, | ) |
| KRISTINE  EIKENBERG, | ) |
| RAMAKANT  MAMIDIDODDI, | ) |
| | ) |
| Defendants. | ) |

**ORDER STRIKING MOTION TO QUASH**

This matter comes before the Court on a proposed Motion to Quash. [Dkt. 11.] That motion was submitted, unsigned, by an individual identified only as "John Doe # 19." [*Id.*]

Rule 11(a) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a); *see also* S.D. Ind. L.R. 5-10(g).  Rule 11 is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts.  *Bus. Guides, Inc. v. Chromatic Commc'ns*

*Enters., Inc.* 498 U.S. 533, 552 (1991); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990).

The instant motion is unsigned.  In addition, due to the movant's failure to provide the Court with any means of contacting them, the Court is unable to instruct the movant of the deficiencies in the motion and afford them an opportunity to correct them.  Accordingly, the Motion to Quash, [Dkt. 11], is hereby **STRICKEN** without prejudice to its refiling in compliance with the applicable rules.

In the event the motion is refiled, the Court notes that the movant may not automatically proceed anonymously.  Permitting a party to proceed under a fictitious name is an unusual measure reserved for exceptional cases.  *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996).  A district court has the discretion to permit a party to proceed under a fictitious name in cases where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (citations omitted).  Anonymous litigation is disfavored because "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (*citing Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544 (7th Cir.2002); *Union Oil Co. of California v. Leavell,* 220 F.3d 562 (7th Cir.2000).  The presumption that the parties' identities are public information, and that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

The district court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Id.* District courts are not permitted to grant motions to proceed anonymously without explaining their grounds for so doing. *Smith*, 429 F.3d at 710. As such, a party seeking to proceed anonymously must obtain leave from the district court so that the court may determine whether exceptional circumstances exist such that permitting the party to proceed anonymously is proper. Any motions for leave to proceed anonymously should recognize the presumption against anonymity and clearly show that the harm to the defendant from disclosure exceeds the likely harm from concealment, and must overcome the strong presumption in favor of requiring parties to proceed under their true names. *See P.D. ex rel. C.D. v. Carroll Consol. School Corp.*, 820 F. Supp. 2d 907, 909 (N.D. Ind. 2011); *Indiana Black Expo*, 923 F. Supp. at 142 (courts generally reject concerns about economic well-being and possible embarrassment or humiliation as sole basis for proceeding under fictitious names). If the movant wishes to proceed anonymously in this matter, they must file an appropriate *ex parte* motion, supported by a developed factual and legal showing sufficient to justify such an order, and signed by and fully identifying the movant as required by Rule 11.

Dated:   10/31/2012

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com