UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | ) Civil Case No. 1:12-cv-00841-SEB-MJD |
| | ) |
| v. | ) |
| | ) |
| TOBY REEVES, HAOJIE WANG, DANIEL WATT, CAMERON GAFF, GIANCARLO DI MIZIO JR., SEAN MANGYIK, KRISTINE EIKENBERG, RAMAKANT MAMIDIDODDI, LEONARDO ALDANA, WILLIAM MEEKS SR. and JOHN DOES 2, 3, 4, 5, 6, 10, 12, 13, 21, 22 and 23. | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT GIANCARLO DI MIZIO, JR. [CM/ECF 79]**

Plaintiff Malibu Media, LLC by and through undersigned counsel, hereby files its Opposition to Defendant's Motion to Set Aside Clerk's Entry of Default Against Defendant Giancarlo Di Mizio, Jr. and in support hereof states:

**I.    INTRODUCTION**

Defendant's Motion demonstrates that Defendant remained willfully silent after receiving notice and being served in this lawsuit, hoping that by ignoring the suit, it would go away. Despite numerous opportunities to evince his intent to defend against Plaintiff's claims, Defendant chose to shun the case entirely. Defendant has ignored Plaintiff's lawsuit for months, simply hoping that by failing to take any action his conduct would be excused. Now, faced with a judgment against him, Defendant is attempting to invoke the Court's sympathy without asserting any valid excuse. Defendant's claim is neither credible nor legally sufficient and his

1

motion should be denied. For the foregoing reasons, as explained more fully herein, Plaintiff respectfully requests that the Court deny Defendant's Motion.

## II. FACTS

Plaintiff's original Complaint alleging copyright infringement was filed June 18, 2012. On July 10, 2012 Plaintiff was granted leave to conduct early discovery and subpoena the Doe Defendants' ISPs to obtain their personally identifying information. On September 26, 2012 Plaintiff filed its first Amended Complaint naming Defendant in this suit and on October 12, 2012 the Clerk issued a summons. On January 4, 2013 an Affidavit of Service was filed stating that Defendant had been personally served on November 2, 2012. Plaintiff filed its Motion for Entry of Default also on January 4, 2013 with a Declaration from undersigned stating that "[m]ore than twenty-one (21) days have elapsed since the Defendants in this action were served, and the Defendants have failed to plead or otherwise defend this action." *Decl. in Support of Request for Entry of Default* at ¶ 5 [CM/ECF 64-1]. The Clerk entered a default against Defendant on January 7, 2013.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Fed. R. Civ. P. 55(a)*. However, "[t]he court may set aside an entry of default for *good cause*[.]" *Fed. R. Civ. P. 55(c)* (emphasis added). In the Seventh Circuit, a three-part test for setting aside the entry of a default by the clerk is used. "In order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's

2

complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir.1989)).  "[A]n absolutely essential criteria to setting aside a default entry against a defendant is that the defendant claim with specificity a meritorious defense. A conclusory statement that such a defense exists is not sufficient." *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 951 (N.D. Ind. 1975). "Providing the court and opposing party with the nature of the defense and a factual basis for that defense satisfies this requirement . . . a meritorious defense requires more than just a 'general denial' or 'bare legal conclusions.'" *Misch v. Hebron Plumbing & Heating, Inc.*, 2010 WL 2539435 (N.D. Ind. 2010) (citations omitted).

### B. Defendant Has Not Shown Good Cause for Default

"Good cause is shown by a failure to respond to the summons and complaint through inadvertence—willfully ignoring the pending litigation will not suffice." *Misch v. Hebron Plumbing & Heating, Inc.*, 2010 WL 2539435 (N.D. Ind. 2010).  Here, Defendant has failed to demonstrate that his failure to respond was due to inadvertence.  Significantly, Defendant had a number of opportunities to respond to the suit but instead made the conscious decision to ignore it.  First, Defendant ignored Comcast's attempt to notify him of the subpoena seeking his identifying information.  Defendant does not argue that such notification was never sent but instead merely asserts that Defendant "does not recall having received any correspondence" or alternatively that "he likely mistook that correspondence as nothing more than promotional 'junk mail' . . . and he disposed of it unopened and unread." *Def.'s Mot.* ¶¶4-5.  Second, Defendant was contacted by Plaintiff's representative who explained the nature of the lawsuit.  In response Defendant conducted online research and relied upon "seemingly well-informed 'bloggers'" in deciding that this case was "little more than a shake down" and unworthy of serious

consideration. However, Defendant also spoke with three different attorneys and learned that he did not want to have a default entered against him. *See Decl. of Giancarlo Di Mizio Jr.* at ¶ 14. Defendant received advice "to help him determine what . . . he was required to do . . . to defend himself" and still opted to take no action. *Def.'s Mot.* p. 11. Third, Defendant chose to disregard Plaintiff's Amended Complaint served on him personally, willfully ignoring language stating that "an answer or motion of some kind" must be filed "within 21 days after service." *Def.'s Mot.* p. 5. Defendant now repeatedly claims that all along he thought this suit would be dismissed, despite all of the above events indicating that such was not likely to be the case.

Although Defendant may not have been in "a position financially to hire an attorney," nothing prevented Defendant from making the Court aware of his intent to defend. *See Lyons P'ship, L.P. v. Welle*, 2010 WL 680877 (N.D. Ill. 2010) (finding no good cause despite "difficulties with 'cash flow'" that prevented defendant from "immediately retain[ing] replacement counsel . . . nothing prevented defendants themselves from personally attending the hearing and notifying the court that they intended to actively defend the action.") It was not until January 8, 2013, when Defendant received a copy of the Clerk's Entry of Default, that Defendant decided to finally acknowledge this lawsuit and his obligations and responsibilities thereunder. *Def.'s Mot.* p.11. Defendant continuously ignored this Court and the lawsuit against him hoping that the suit would "be dismissed by the judge on account of improper joinder of multiple, unrelated defendants in a single case." *Def.'s Mot.* ¶ 17. Defendant's willful avoidance and conscious disregard for this Court and Plaintiff's valid copyright infringement claims do not constitute good cause for failing to respond.

### C. Defendant Does Not Have a Meritorious Defense

Defendant has no meritorious defense to Plaintiff's claims. Defendant attempts to argue that he has a meritorious defense because "[Defendant] categorically denies the allegations." *Def.'s Mot.* p. 13. As stated above, however, Defendant's mere denial of liability is not a meritorious defense. Seventh Circuit binding precedent holds that "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (citing *Breuer Electric Manuf. Co. v. Toronado Systems of America,* 687 F.2d 182, 186 (7th Cir.1982)). Having asserted nothing more than a mere denial of liability, Defendant fails to demonstrate a meritorious defense.

### D. There is No Sound Policy Reason to Allow Defendant to Now Defend

Defendant's final argument that "allowing [Defendant] the opportunity to submit an answer and defend himself . . . would in no way disrupt the procedural timetable . . . nor serve any other legitimate interest in this case" misses the mark. *Def.'s Mot.* p. 15. Defendant should not be allowed to proceed under this theory and take advantage of the Federal Rules of Civil Procedure at his own convenience. Having had numerous opportunities to present a defense or alert the Court of his intent to do so, Defendant chose to maintain complete silence and keep his head in the sand in the hopes of being dropped from the case. Defendant should not be allowed to pick and choose when he will comply with the Federal Rules, especially in light of his inability to establish good cause or a meritorious defense. Accordingly, there is no sound policy reason to allow Defendant to now answer the Complaint and defend the claims against him.

## IV. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that Defendant's Motion to Set Aside Clerk's Entry of Default be denied by this Court.

Dated: February 22, 2013

                                                            Respectfully submitted,

                                                            NICOLETTI & ASSOCIATES, PLLC

                                  By:    */s/ Paul J. Nicoletti*
                                           Paul J. Nicoletti, Esq. (P44419)
                                           36880 Woodward Ave, Suite 100
                                           Bloomfield Hills, MI 48304
                                           Tel: (248) 203-7800
                                           Fax: (248) 203-7801
                                           E-Fax: (248) 928-7051
                                           Email: paul@nicoletti-associates.com
                                           *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                 By:    */s/ Paul J. Nicoletti*