UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN DOES 1,2,3,4,5,6,10,12,13,19,21, and )<br>23, )<br>TOBY  REEVES, )<br>HAOJIE  WANG, )<br>DANIEL  WATT, )<br>CAMERON  GAFF, )<br>GIANCARLO  DI MIZIO JR, SEAN )<br>MANGYIK, )<br>KRISTINE  EIKENBERG, )<br>LEONARDO  ALDANA, )<br>WILIAM MEEKS SR. )<br>)<br>Defendants. )<br>) | No. 1:12-cv-00841-SEB-MJD |

**ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on Defendant Haojie Wang's Motion to Set Aside Entry of Default Judgment.  The Court, being duly advised, hereby GRANTS Defendant's Motion.

**I.     Background**

This is an action for copyright infringement brought against multiple individuals, including Mr. Wang, who initially were identifiable to Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") only by their Internet Protocol ("IP") addresses.  Malibu Media claims to own the copyright for a motion picture. [Dkt. 1, ¶ 11.]  Plaintiff alleges each of the Defendants unlawfully downloaded and shared this copyrighted work using the BitTorrent peer-to-peer file sharing protocols.  Plaintiff filed its Complaint on June 18, 2012. [*Id*.]  On September 27, 2012, following the disclosure of Mr. Wang's identity by his Internet Service Provider ("ISP"),

Plaintiff amended its Complaint to name Mr. Wang as a Defendant. [Dkt. 28.] The summons was served upon Mr. Wang on November 2, 2012. [Dkt. 63.] On January 4, 2013, Malibu Media filed its Motion for Clerk's Entry of Default, which was granted on January 7, 2013. [Dkt. 64 and 65.] Mr. Wang filed his Motion to Set Aside Default on January 10, 2013. [Dkt. 66.] Mr. Wang filed an amended motion to set aside the default on February 13, 2013. [Dkt. 91.] Plaintiff did not respond to either Mr. Wang's original motion, or his amended motion. In fact, on February 1, 2013, Malibu Media filed a Waiver of Service thereby giving Mr. Wang until March 25, 2013 to respond to the Complaint. [Dkt. 83.]

## II.    Legal Standard

The Seventh Circuit favors trial on the merits of a claim over default judgment. *See A.F. Dormeyer Co. v. M.J. Sales & Distributing Co*., 461 F.2d 40, 43 (7th Cir. 1984). Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default "for good cause." A party seeking to set aside an entry of default under Rule 55 (c) must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc*., 559 F.3d 625, 630 (7th Cir. 2009).

## III.    Discussion

Mr. Wang contends the Entry of Default should be set aside because he satisfies the three-part test outlined above. More importantly, Malibu Media filed a Waiver of Service after the default entry allowing Mr. Wang until March 25, 2013 to respond to its Complaint. [Dkt. 83.] Malibu does not oppose this Motion.

In light of the Waiver of Service, it is not necessary to examine the default issue under the Rule 55 (c) analysis. The Court will grant Mr. Wang's motion to set aside the default and allow him to respond to the Complaint prior to the March 25, 2013 deadline.

## IV. Conclusion

Based upon the foregoing, Defendant Wang's Motion to Set Aside Entry of Default Judgment is **GRANTED**.

Date: 03/13/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HAOJIE WANG
1117 Anthrop Ar. Apt 2
West Lafayette, IN 47906

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net