UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN DOES 1,2,3,4,5,6,10,12,13,19,21, and ) | |
| 23, ) | |
| TOBY REEVES, ) | |
| HAOJIE WANG, ) | |
| DANIEL WATT, ) | No. 1:12-cv-00841-SEB-MJD |
| CAMERON GAFF, ) | |
| GIANCARLO DI MIZIO JR, SEAN ) | |
| MANGYIK, ) | |
| KRISTINE EIKENBERG, ) | |
| LEONARDO ALDANA, ) | |
| WILLIAM MEEKS SR. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT GIANCARLO DIMIZIO, JR**

This matter is before the Court on Defendant's Motion to Set Aside Clerk's Entry of Default Against Defendant Giancarlo DiMizio, Jr. The Court, being duly advised, hereby GRANTS Defendant's Motion.

**I.     Background**

This is an action for copyright infringement brought against multiple individuals, including Mr. DiMizio, who initially were identifiable to Plaintiff Malibu Media, LLC

("Plaintiff" or "Malibu Media") only by their Internet Protocol ("IP") addresses. Malibu Media claims to own the copyright for a motion picture. [Dkt. 1, ¶ 11.] Plaintiff alleges each of the Defendants unlawfully downloaded and shared this copyrighted work using the BitTorrent peer-to-peer file sharing protocols. Plaintiff filed its Complaint on June 18, 2012. [*Id.*] On September 27, 2012, following the disclosure of Mr. DiMizio's identity by his Internet Service Provider ("ISP"), Plaintiff amended its Complaint to name Mr. DiMizio as a Defendant. [Dkt. 28.] The summons was served upon Mr. DiMizio on November 2, 2012. [Dkt. 59.] On January 4, 2013, Malibu Media filed its Motion for Clerk's Entry of Default, which was granted on January 7, 2013. [Dkt. 64 and 65.] Mr. DiMizio filed his Motion to Set Aside Default on January 27, 2013. [Dkt. 78.]

## II.    Legal Standard

The Seventh Circuit favors trial on the merits of a claim over default judgment. *See A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1984). Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default "for good cause." A party seeking to set aside an entry of default under Rule 55 (c) must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

## III.    Discussion

Mr. DiMizio contends the Entry of Default should be set aside because he satisfies the three-part test outlined above. [Dkt. 79, p. 9.] Malibu Media argues the default should stand because Mr. DiMizio was "willfully silent" after being served with the lawsuit and ignored it hoping that it would go away. [Dkt. 95, p. 1.] The Court finds Mr. DiMizio demonstrated good

cause for the default, promptly attempted to correct his mistake and has presented a meritorious defense to the action.

A party establishes "good cause" for default if it "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. Contrary to Malibu Media's assertion that Mr. DiMizio willfully ignored the litigation, it appears to the Court that he made some incorrect assumptions about the litigation process. Mr. DiMizio stated in his Declaration that upon receipt of the Complaint he sought advice from three attorneys and investigated similar cases on the Internet. [Dkt. 79-1, ¶¶ 12-14.] While one may argue he should have taken his actions a step further and actually responded to the Complaint, his failure to do so does not necessarily mean he willfully ignored the lawsuit. At that time, Mr. DiMizio was a *pro se* litigant and as such receives some latitude from the court not afforded to attorney-represented litigants. "While *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines, this court is inclined to be more lenient toward the *pro se* litigant's mistakes, at least where no willful disregard for duties exists." *Standard Insurance Co. v. Cole*, 2005 WL 4882772, *2 (S.D. Ind. 2005) (internal citation omitted). Mr. DiMizio did take steps, albeit mistaken steps, to respond to the Complaint. Based upon that effort, the Court finds he has demonstrated good cause for the default.

Mr. DiMizio must next demonstrate that he acted promptly to correct the default. *See Cracco*, 559 F.3d at 630. He states in his Declaration that he contacted the Clerk immediately upon receiving the Entry of Default to determine how to have it set aside. [Dkt. 79-1, ¶ 25.] Mr. DiMizio also retained an attorney and filed his Motion twenty days after the Entry of Default. These actions are sufficiently prompt to meet the requirements to set aside a default entry.

Finally, Mr. DiMizio must identify a meritorious defense to the claims presented in the complaint. A meritorious defense is "not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Mr. DiMizio's "meritorious defense" essentially consists of his denial that he infringed upon Malibu Media's copyrights. While Malibu Media asserts this general denial is insufficient to demonstrate a meritorious defense, the Court disagrees. In his Declaration, Mr. DiMizio offers several potential factual bases for his denial including a claim that another individual in his condominium complex may have accessed his wireless network which was unsecured for a period of time. [Dkt. 79-1, ¶ 3-5.] While this allegation may ultimately be determined to be incorrect, it does notify Malibu Media of the basis for his denial. *See Cracco*, 559 F.3d at 631. Given the lenient standards to set aside a default under Rule 55 (c), the Court finds this is a sufficient showing of a meritorious defense.

### IV.    Conclusion

Based upon the foregoing, Defendant's Motion to Set Aside Clerk's Entry of Default Against Defendant Giancarlo DiMizio, Jr. is **GRANTED**.

Date: 03/13/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HAOJIE WANG
1117 Anthrop Ar. Apt 2
West Lafayette, IN 47906

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC

wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net