UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| TOBY REEVES, HAOJIE WANG, DANIEL WATT, | ) ) )   No. 1:12-cv-00841-SEB-MJD ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO STRIKE**

This matter is before the Court on Plaintiff's Motion to Strike or Summarily Dismiss Defendant, Toby Reeves', Defenses [Dkt. 113]. For the reasons set forth below, the motion is **DENIED**.

### I. Background

Plaintiff filed the instant action on June 18, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") address. Plaintiff alleged that these defendants infringed on Plaintiff's copyrighted work using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. After subpoenaing the internet service provider ("ISP") to identify the owners of the IP addresses, Plaintiff amended its complaint on September 26, 2012 and named Toby Reeves as a defendant. [Dkt. 24.] Reeves filed his Answer on February 28, 2013 asserting six defenses. [Dkt. 102.] Plaintiff then filed this motion on March 21, 2013. [Dkt. 113.]

## II.     Legal Standard

The Federal Rules of Civil Procedure require a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A party must also affirmatively state any avoidance or affirmative defense in the responsive pleading. Fed. R. Civ. P. 8(c)(1). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or by motion. Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored as they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). "But where motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*. Meritless defenses that are nothing but barebones conclusory allegations that omit any short and plain statements of fact and/or fail to allege the necessary elements of the alleged defenses are insufficient pleadings for which the Court may strike. *Id*. at 1295. Immaterial defenses are defenses that "have no essential or important relationship to the claim for relief. *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984), *reversed on other grounds*; *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994); *Simms v. Chase Student Loan Servicing, LLC*, 2009 WL 943552, *2 n. 3, (E.D. Mo. 2009). Impertinent matters consist of statements that do not pertain to the issues in question. *Id.*

## III.     Discussion

Plaintiff moves to strike or summarily dismiss Reeves' Second, Third, Fourth, and Fifth Defenses. As Plaintiff does not assert that the defenses are redundant or scandalous, the Court will address each defense in relation to the other requirements set forth in Rule 12(f).

### A.     Second Defense: Failure to State a Claim

Plaintiff argues that the Court should strike Reeves' Second Defense because Plaintiff has properly pled a prima facie case of copyright infringement and thus states a claim upon which relief can be granted. The Court refuses to strike the defense on this ground. This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). The Rules allow for a party to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading. Fed. R. Civ. P. 12(b), (h)(2)(A). It is also a nonwaivable defense and may be asserted at any time. Simply asserting that defense in the responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30. *J & J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011). Typically, parties simply ignore this assertion as harmless. *See Leon v. Jacobson Transportation Co. Inc.*, 2010 WL 4810600, *1 (N.D. Ill. 2010). The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Plaintiff's Motion to Strike Defendant's Second Defense is **DENIED**.

### B.     Third Defense: Estoppel, Waiver, and Laches

As Reeves' Third Defense, Reeves asserts that "Plaintiff's claims are barred, in whole or in part, by the equitable theories of estoppel, waiver and laches." [Dkt. 102 at 19.] There are no other facts to support this assertion. As such, the Court finds that this defense is nothing but a barebones conclusion which is insufficient under *Heller*. However, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer. Accordingly, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and

orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*. Therefore, Plaintiff's Motion to Strike Defendant's Tenth Defense is **DENIED** as premature.

### C. Fourth Defense: Failure to Mitigate Damages

Reeves asserts as his Fourth Defense that "Plaintiff's damages, if any, must be reduced because it has failed to take reasonable steps to mitigate some or all of its losses. [Dkt. 102 at 19.] Plaintiff's Fifth Amended Complaint seeks an award of the greater of "(i) statutory damages in the amount of $150,000 per Defendant, pursuant to 17 U.S.C. § 504(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b)." [Dkt. 94 at 12] Plaintiff, by way of this motion, has elected to recover only statutory damages under the Copyright Act instead of an award of actual damages. [Dkt. 113 at 6.] This declaration was made in Plaintiff's argument presumably to rebut Defendant's failure to mitigate defense. Thus, Plaintiff asserts that the defense of failure to mitigate damages is not appropriate since it does not apply to an award of statutory damages. The Court disagrees.

The amount that can be awarded for statutory damages ranges from $750 to $30,000, absent other exceptional findings. 17 U.S.C. § 504(c)(1). This Court is given a very broad discretion to determine how to award statutory damages. *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). While the plaintiff may opt for statutory damages, the court may consider plaintiff's actual damages in making its determination. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-33 (1952). In determining Plaintiff's actual damages, it is reasonable for the court to consider the actions Plaintiff took to mitigate such damages. Therefore, the Court will allow the defense.

In support of its argument Plaintiff relies on *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411 (D. N.J. 2005). However, Plaintiff's reliance on *Arista Records* is misplaced. In that case, the defendants voluntarily withdrew the defense of failure to mitigate after the plaintiffs elected to pursue only statutory damages. *Arista Records*, 356 F.Supp.2d at 422. The court found that the defendants waived that defense and could no longer assert it since the plaintiffs did not change their position. *Id*. Therefore, *Arista Records* is inapplicable. Even if that case were applicable, it does not cite to any law to support prohibiting defendants from asserting that defense. *See id*. As the current law allows the court to consider actual damages, and failure to mitigate is relevant in considering actual damages, then the defense is permissible. Accordingly, Plaintiff's Motion to Strike Defendant's Fourth Defense is **DENIED**.

### D.     Fifth Defense: Acts or Omissions Committed by Plaintiff

Reeves' Fifth Defense asserts that "Plaintiff's damages, if any, are the result of acts or omissions committed by Plaintiff. Again, this is a defense to the award of damages in which the Court finds that it is sufficient under *Heller* and is relevant to the claims. Therefore, Plaintiff's Motion to Strike Defendant's Fifth Defense is **DENIED**.

### IV.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED**. Regarding Reeves' Third Defense, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*.

Date: 09/27/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HAOJIE WANG
2101 Cumberland Ave Apt1103
West Lafayette, IN 47906

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net