UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TOBY REEVES, | ) |
| HAOJIE WANG, | )   No. 1:12-cv-00841-SEB-MJD |
| DANIEL WATT, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO STRIKE

This matter is before the Court on Plaintiff's Motion to Strike or Summarily Dismiss Defendant, Daniel Watt's, Defenses [Dkt. 112]. For the reasons set forth below, the motion is **DENIED**.

### I.   Background

Plaintiff filed the instant action on June 18, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") address. Plaintiff alleged that these defendants infringed on Plaintiff's copyrighted work using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. After subpoenaing the internet service provider ("ISP") to identify the owners of the IP addresses, Plaintiff amended its complaint on September 26, 2012 and named Daniel Watt as a defendant. [Dkt. 24.] Watt filed his Answer on February 27, 2013 asserting seventeen defenses. [Dkt. 101.] Plaintiff then filed this motion on March 20, 2013. [Dkt. 112.]

## II.  Legal Standard

The Federal Rules of Civil Procedure require a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A party must also affirmatively state any avoidance or affirmative defense in the responsive pleading. Fed. R. Civ. P. 8(c)(1). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or by motion. Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored as they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). "But where motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*. Meritless defenses that are nothing but barebones conclusory allegations that omit any short and plain statements of fact and/or fail to allege the necessary elements of the alleged defenses are insufficient pleadings for which the Court may strike. *Id*. at 1295. Immaterial defenses are defenses that "have no essential or important relationship to the claim for relief. *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984), *reversed on other grounds*; *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994); *Simms v. Chase Student Loan Servicing, LLC*, 2009 WL 943552, *2 n. 3, (E.D. Mo. 2009). Impertinent matters consist of statements that do not pertain to the issues in question. *Id.*

## III.  Discussion

Plaintiff moves to strike or summarily dismiss Watt's First, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Defenses. As Plaintiff does not assert that the defenses are scandalous, the Court will address each defense in relation to the other requirements set forth in Rule 12(f).

### A.  First Defense

Plaintiff argues that the Court should strike Watt's First Defense because Plaintiff has properly pled a prima facie case of copyright infringement and thus states a claim upon which relief can be granted. The Court refuses to strike the defense on this ground. This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). The Rules allow for a party to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading. Fed. R. Civ. P. 12(b), (h)(2)(A). It is also a nonwaivable defense and may be asserted at any time. Simply asserting that defense in the responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30. *J & J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011). Typically, parties simply ignore this assertion as harmless. *See Leon v. Jacobson Transportation Co. Inc.*, 2010 WL 4810600, *1 (N.D. Ill. 2010). The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Plaintiff's Motion to Strike Defendant's Second Defense is **DENIED**.

### B.  Third Defense

As Watt's Third Defense, Watt asserts that "Plaintiff's works lack originality and are thus not protectable by copyright." [Dkt. 101 at 10.] The Copyright Act requires that a work must be original to be afforded copyright protection. 17 U.S.C. § 102(a). Therefore, Watt's Third Affirmative Defense properly attacks an element of Plaintiff's claim. As such, Plaintiff's Motion to Strike Defendant's Third Defense is **DENIED** as premature.

### C.     Fourth Defense

Watt asserts as his Fourth Defense that "Plaintiff's copyrights are invalid and/or unenforceable." [Dkt. 101 at 10.] A defendant may defend on the ground that a plaintiff's copyrights are invalid. *See* 17 U.S.C. § 409 (one must apply for copyright registration); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) ("The presumption of the validity of a registered copyright may be overcome by the 'offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.'") (citation omitted). Therefore, the Court will allow Watt to proceed with this defense. As such, Plaintiff's Motion to Strike Defendant's Fourth Defense is **DENIED**.

### D.     Fifth Defense

Watt asserts as his Fifth Defense that "Plaintiff's claims for injunctive relief and equitable remedies are barred in light of the fact that Plaintiff has an adequate remedy at law." [Dkt. 101 at 10.] This defense is sufficient under Heller and relevant. Therefore, Plaintiff's Motion to Strike Defendant's Fifth Defense is **DENIED**.

### E.     Seventh Defense

Watt asserts as his Seventh Defense that "without admitting that Plaintiff's Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted." [Dkt. 101 at 10.] This is a challenge to Plaintiff's claim for damages and thus is valid. Therefore, Plaintiff's Motion to Strike Defendant's Seventh Defense is **DENIED**.

### F.     Eighth Defense

Watt asserts as his Eighth Defense that "Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions."

4

[Dkt. 101 at 10.] This is an attack on the elements of Plaintiff's claim for injunctive relief and thus is valid. Therefore, Plaintiff's Motion to Strike Defendant's Eighth Defense is **DENIED**.

### G. Ninth Defense

As Watt's Ninth Defense, Watt asserts that "the claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist." [Dkt. 101 at 10.] Plaintiff's Fifth Amended Complaint seeks an award of the greater of "(i) statutory damages in the amount of $150,000 per Defendant, pursuant to 17 U.S.C. § 504(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b)." [Dkt. 94 at 12.] Plaintiff, by way of this motion, has elected to recover only statutory damages under the Copyright Act instead of an award of actual damages. [Dkt. 112 at 8.] This declaration was made in Plaintiff's argument presumably to rebut Defendant's failure to mitigate defense. Thus, Plaintiff asserts that the defense of failure to mitigate damages is not appropriate since it does not apply to an award of statutory damages. The Court disagrees.

The amount that can be awarded for statutory damages ranges from $750 to $30,000, absent other exceptional findings. 17 U.S.C. § 504(c)(1). This Court is given a very broad discretion to determine how to award statutory damages. *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). While the plaintiff may opt for statutory damages, the court may consider plaintiff's actual damages in making its determination. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-33 (1952). In determining Plaintiff's actual damages, it is reasonable for the court to consider the actions Plaintiff took to mitigate such damages. Therefore, the Court will allow the defense.

In support of its argument Plaintiff relies on *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411 (D. N.J. 2005). However, Plaintiff's reliance on *Arista Records* is misplaced. In

5

that case, the defendants voluntarily withdrew the defense of failure to mitigate after the plaintiffs elected to pursue only statutory damages. *Arista Records*, 356 F.Supp.2d at 422. The court found that the defendants waived that defense and could no longer assert it since the plaintiffs did not change their position. *Id*. Therefore, *Arista Records* is inapplicable. Even if that case were applicable, it does not cite to any law to support prohibiting defendants from asserting that defense. *See id*. As the current law allows the court to consider actual damages, and failure to mitigate is relevant in considering actual damages, then the defense is permissible. Accordingly, Plaintiff's Motion to Strike Defendant's Ninth Defense is **DENIED**.

### H. Tenth Defense

Watt's Tenth Defense asserts that "without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants or others for any alleged single wrong." [Dkt. 101 at 11.] This is a proper defense to limit Plaintiff's recovery and thus Plaintiff's Motion to Strike Defendant's Tenth Defense is **DENIED**.

### I. Defenses Twelve through Seventeen

Watt generally asserts that Plaintiff's complaint is barred by the statute of frauds (twelfth defense), the doctrine of estoppel (thirteenth defense), doctrine of laches (fourteenth defense), doctrine of fraud (fifteenth defense) the doctrine of unconscionability (sixteenth defense), and doctrine of unclean hands (seventeenth defense). Each defense lacks factual allegations to support such assertion. As such, the Court finds that these defenses are nothing but barebones conclusions which are insufficient under *Heller*. However, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer. Accordingly, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and

orders Watt to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*. Therefore, Plaintiff's Motion to Strike Defendant's Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Defenses are **DENIED** as premature.

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED**. Regarding Watt's Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Defenses, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Watt to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*.

Date: 09/27/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HAOJIE WANG
2101 Cumberland Ave Apt1103
West Lafayette, IN 47906

William Kenneth Doss
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
wkd@brannonrobinson.com

Kenan Larry Farrell
KLF LEGAL
kfarrell@klflegal.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington

7

LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net